IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| MICHAEL VERNON LEACH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 3:10-00529-HFF -JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| A. PADULA; H. MCMASTER, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Michael Vernon Leach ("Leach"), is an inmate at the South Carolina Department of Corrections serving a sentence of 30 years imprisonment for distribution of crack cocaine (third offense) and 10 years, concurrent, for distribution within close proximity to a park or playground. Leach filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 which was received by the Court on March 9, 2010. Respondents filed a return and motion for summary judgment on June 25, 2010. Because Leach is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on July 8, 2010 advising him of his responsibility to respond to the motion for summary judgment. Leach filed a response on July 13, 2010.

1

**Background and Procedural History**

On April 11, 2003, Leach sold a quantity of crack cocaine to a confidential informant in York County. He was represented at trial by Stacy Coleman, Esquire. After conviction, an <u>Anders</u>[1] brief was filed on Leach's behalf by the South Carolina Office of Appellate Defense raising the following issue:

> Whether the trial judge erred in admitting appellant's oral statements in violation of <u>Jackson v. Denno</u>.

Pursuant to South Carolina procedure, Leach filed a *pro se* brief raising numerous issues. The convictions were affirmed. *See* <u>State v. Leach</u>, Unpub.Op.No. 2006-UP-85 (Ct.App. filed February 10, 2006). The Remittitur was returned on February 28, 2006.

Leach filed an application for post-conviction relief ("PCR") on April 12, 2006. (App. 295). An evidentiary hearing was held on February 13, 2008. (App. 310). Leach was represented by Charles T. Brooks, III, Esquire. The PCR court filed an order of dismissal on February 22, 2008. (App. 341). A <u>Johnson</u>[2] petition for writ of certiorari was filed raising the following issue:

> The PCR court erred in denying petitioner's allegation that trial counsel was ineffective in failing to engage in plea negotiations in the case because despite the state's overwhelming evidence of guilt, counsel's explanation for not pursuing a plea bargain was unsatisfactory.

Leach filed a *pro se* brief raising the following issues:

(1) Did the trial judge err by not allowing the appellant a hearing regarding the validity of the search warrant, and by allowing in the statements of petitioner which was "fruits" of the illegal search?

(2) Did the trial judge [i.e., the PCR judge] err by not making his own

---

[1]<u>Anders v. California</u>, 386 U.S. 738 (1967).

[2]<u>Johnson v. State</u>, 364 S.E.2d 201 (S.C. 1988).

motion to declare a mistrial after defense attorney failed to object to the improper comments made by the solicitor during her closing arguments?

(3) Was the PCR attorney ineffective?

(4) Did the trial judge err by allowing the omitting of trial transcript?

The petition for writ of certiorari was denied by the South Carolina Court of Appeals on November 23, 2009. The Remittitur was returned on December 9, 2009.

## Grounds for Relief

In his present petition, Leach asserts he is entitled to a writ of habeas corpus on the following ground:

**GROUND ONE:** Ineffective Assistance of Trial Counsel

**Supporting Facts:** Trial Counsel failed to object to amount of drugs presented on indictment and amount of money the control buys the police alledge(sic) took place[.]

## Discussion

Since Leach filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

### 1. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties

4

of the United States." The statute states in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is either an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
>
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. *See* O'Sullivan v. Boerckel, 526 U.S. 838 ( 1999).

The United States Supreme Court has consistently enforced the exhaustion requirement.

> The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act....

Rose v. Lundy, 455 U.S. 509, 515 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. *See* SCACR 207(b)(1)(B) and Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue is by filing an application for post-conviction relief ("PCR"). See S.C. Code Ann. § 17-27-10 *et seq.* A PCR applicant is also required to state all of his grounds for relief in his application. *See*, S. C. Code Ann. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. The South Carolina Supreme Court will only consider claims specifically addressed by the PCR court. If the PCR court fails to address a claim as is required by S.C.Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007). A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim.[3] Further, he may present only those claims which have been squarely presented to the South Carolina appellate courts. "In order to avoid procedural default [of a claim],

---

[3] In cases where the South Carolina Supreme Court applied a procedural bar, however, this court is directed to also apply that bar, except in certain limited circumstances. See discussion below on procedural bypass.

the substance of [the] claim must have been fairly presented in state court...that requires the ground relied upon [to] be presented face-up and squarely. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Joseph v. Angelone, 184 F.3d 320, 328 (4th Cir. 1999) (internal quotes and citations omitted). If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts, Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977) and Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983). If Petitioner has failed to raise the issue before the state courts, but still has any means to do so, he will be required to return to the state courts to exhaust the claims. *See* Rose v. Lundy, *supra*.

### 2. Procedural Bypass[4]

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts, Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines

---

[4]This concept is sometimes referred to as procedural bar or procedural default. If a petitioner procedurally bypasses his state remedies, he is procedurally barred from raising them in this court.

for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

Although the federal courts have the power to consider claims despite a state procedural bar,

> the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'

Smith v. Murray, *supra*, quoting Wainwright v. Sykes, 433 U.S. at 84 (1977); *see also* Engle v. Isaac, 456 U.S. 107, 135 (1982).

Stated simply, if a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing(s) of cause and prejudice, the federal courts generally decline to hear the claim. *See* Murray v. Carrier, 477 U.S. 478, 496 (1986).

### 3. **Inter-relation of Exhaustion and Procedural Bypass**

As a practical matter, if a petitioner in this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts, and this court is barred from considering the claim (absent a showing of "cause" and "actual prejudice"). In such an instance, the exhaustion requirement is "technically met" and the rules of procedural bar apply. Matthews v.

8

Evatt, 105 F.3d 907 (4th Cir. 1997); cert. denied, 522 U.S. 833 (1997) citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989); and George v. Angelone, 100 F.3d 353, 363 (4th Cir. 1996).

### 4. Excusing Default

The requirement of exhaustion is not jurisdictional, and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1989). First, a petitioner may obtain review of a procedurally barred claim by establishing cause for the default and actual prejudice from the failure to review the claim. Coleman v. Thompson, 501 U.S. at 750 and Gary v. Netherland, 518 U.S. 152, 162 (1996). Second, a petitioner may rely on the doctrine of actual innocence.

A petitioner must show both cause and actual prejudice to obtain relief from a defaulted claim. In this context, "cause" is defined as "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Strickler v. Greene, 527 U.S. 263, 283 n. 24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). A petitioner may establish cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of his claim, or show interference by state officials. Murray v. Carrier; Clozza v. Murray, 913 F.3d 1092 (4th Cir. 1990), *cert. denied*, 499 U.S. 913 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.), *cert. denied*, 485 U.S. 1000 (1988). Because a petitioner has no constitutional right to counsel in connection with a PCR application and/or an appeal from the denial thereof, he cannot establish cause for procedural default of a claim by showing that PCR counsel was ineffective. Wise v. Williams, 982 F.2d 142, 145 (4th Cir. 1992) *cert. denied*, 508 U.S. 964 (1993). A petitioner must

9

show reasonable diligence in pursuing his claim to establish cause. Hoke v. Netherland, 92 F.3d 1350, 1354 n. 1 (4th Cir. 1996). Further, the claim of cause must itself be exhausted. Edwards v. Carpenter, 529 U.S. 446 (2000) (failure of counsel to present issue on direct appeal must be exhausted in collateral proceeding as ineffective assistance to establish cause for default).

Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), *cert. denied*, 531 U.S. 1054 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997).

"Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir. 1996), *aff'd*, 521 U.S. 151 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir. 1999). A petitioner may establish actual innocence as to his guilt, *Id.*, or his sentence. Matthews v. Evatt, 105 F.3d 907, 916 (4th Cir. 1997).

### 5. Procedure

Procedural default is an affirmative defense which is waived if not raised by Respondents. Gray v. Netherland, 518 U.S. at 165-66. It is Petitioner's burden to raise cause and prejudice or actual innocence. If not raised by Petitioner, the court need not consider the defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996).

Leach asserts that his trial attorney was ineffective for failing to make two objections. First, Leach asserts that counsel failed to object "to amount of drugs presented on indictment." Second, he argues that counsel should have objected to the "amount of money the control buys the police alleged took place." Respondents assert that these grounds for relief are procedurally barred because

they were never presented for review to the South Carolina appellate courts. The undersigned agrees.

First, it is noted that these claims are vague. The <u>Johnson</u> petition for writ of certiorari following denial of the PCR argued that trial counsel was ineffective for failure to engage in plea negotiations prior to trial. The only claim of ineffective assistance of counsel contained in Leach's *pro se* brief related to his appellate counsel. Since these were the only two claims of ineffective assistance of counsel raised to the state appellate courts, the undersigned finds that the claims in the present petition are procedurally barred.[5]

In his <u>Roseboro</u> response, Leach appears to argue that his failure to properly raise these claims was due to the ineffectiveness of his PCR counsel. Since there is no constitutional right to counsel in a collateral proceeding, ineffectiveness of PCR counsel does not constitute cause for procedural default. Leach does not argue or show that a review of his claims is necessary to correct a "fundamental miscarriage of justice." <u>Murray v. Carrier</u>, 477 U.S. 478, 495-496 (1988).

## **Conclusion**

Based on a review of the record, it is recommended that Respondents' motion for summary

---

[5] Review of the record shows that Leach may have attempted to raise these issues as trial deficiencies on direct appeal. In his *pro se* brief filed in connection with the <u>Anders</u> brief, Leach argued that "corpus deliciti [was] lacking by state failing to put the amount of cocaine upon the face of the indictments..., and failing to put forth the $150.00 in case as proof of purchase...." However, Leach never claimed in state court that his attorney was ineffective for failing to raise these issues. The record shows that the CI paid Leach $150.00 in marked bills for the crack cocaine. Leach was not immediately arrested and the marked bills were not recovered. (App. 132). Leach apparently believes it was error to mention the payment of the $150.00 since the marked bills were not recovered and entered into evidence. Leach correctly argues that the indictments do not state the weight of the crack cocaine (3 grams) which was purchased. (App. 346-349). However, the indictment for distribution cites S.C. Code Ann. §§ 44-53-370 and 44-53-375(B). This portion of South Carolina drug enforcement statutory scheme does not contain an enhancement in penalty based on the amount of the controlled substance proven in the distribution. The South Carolina Court of Appeals rejected Leach's arguments as a matter of state law.

11

judgment be **granted**, and the petition **dismissed** without an evidentiary hearing.[6]

_____
Joseph R. McCrorey
United States Magistrate Judge

September 23, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

---

[6]Respondent has also moved to dismiss "H. McMaster" as a party since he is not Leach's custodian. It is recommended that this motion be **granted**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).